**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD TAYLOR, | Civil Action No. |
| Plaintiff, | |
| v. | |
| PROFESSIONAL SECRUITY CONSULTANTS., | **COMPLAINT AND JURY DEMAND** |
| Defendant. | |

<u>**COMPLAINT FOR AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT**</u>

Plaintiff Richard Taylor ("Plaintiff" or "Mr. Taylor"), by and through undersigned counsel, files this civil action Complaint and Jury Demand ("Complaint") against Defendant Professional Security Consultants ("Defendant" or "PSC"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

<u>**INTRODUCTION**</u>

1.      This civil action challenges Defendant's unlawful age discrimination with respect to its practices. On or about December 2015, the Plaintiff was transferred to Old Orchard Mall in Skokie, Illinois to work as a Security Guard.

1

2.      Plaintiff worked as a security guard for several years and worked for PSC as a security guard since 2015. Upon Plaintiff's transferal to PSC's Skokie's location, he faced age discrimination. PSC managers discriminated against older workers in violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. Their company policy is based on unfounded stereotypes and assumptions about older workers, deters older workers from employment sustainability and has a disparate impact on qualified employees over the age of 40.

3.      Plaintiff seeks a permanent injunction requiring that such policies and practices be eliminated. Finally, Plaintiff seeks an order requiring his reinstatement to the position of Security Guard and back pay, or in the alternative, awarding him the appropriate front and back pay for the income he would have received, as a Security Guard had Defendant not abided by its discriminatory policies and practices in violation of the ADEA.

## PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff Richard Taylor is a Wisconsin citizen who worked in Skokie, Illinois located within this judicial district and division which forms the basis of the instant lawsuit.

2.   Defendant PSC is a California Corporation with corporate headquarters in Los Angeles, California located at 11454 San Vicente Blvd, 2nd FL, Los Angeles and operates in Cook and Lake County, Illinois. Filed as a foreign Illinois corporation and is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

4.      Because this case is brought under the ADEA, 29 U.S.C. § 621 *et seq.*, this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4).

5.      Mr. Taylor's employment with Defendant was in the Northern District of Illinois.

6.      Venue is proper in the Northern District of Illinois because Plaintiff's cause of action arose within this District and Division in that a substantial part of the acts and omissions giving rise to the claims in this case occurred in this District. Venue also is proper in this District because the Defendant is subject to personal jurisdiction therein by virtue of their substantial, continuous, and systematic commercial activities in this District. *See* 28 U.S.C. § 1391(b), (c). Because the Defendant is subject to personal jurisdiction in this Division, it "resides" in this Division for venue purposes (*see* 28 U.S.C. § 1391(c)).

7.      During Plaintiff's employment, Plaintiff's employment records were maintained by PSC in this judicial district and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

8.      All complained of acts took place in Skokie, Cook County, Illinois within this District and Division.

9.      The venue is proper in this District because all the conduct at issue took place within this District and Division, the Defendants are in the Northern District of Illinois, Eastern Division.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff has complied with all statutory prerequisites to filing this action.

4.      Plaintiff filed an Age Discrimination charge on June 4, 2018, with The Illinois Human Rights Commission ("IHRC") *Exh. A.*

5.      Mr. Taylor filed an EEOC Complaint charging Defendant PSC with age discrimination. On June 7, 2019, the EEOC issued a Notice of Suit Rights ("Right to Sue Letter") allowing Mr. Taylor to pursue his claims of age discrimination in federal court against PSC. *Exh B.*

6.      This action was filed against PSC within 90 days of Plaintiff's receipt of his Right-to-Sue letter from the EEOC.

7.      All other prerequisites to the filing of this suit have been met.

## I.  FACTUAL BACKGROUND

8.  PSC is a security-based firm which provides security services to various entities, including malls.

9.  Plaintiff, Richard Taylor, is an African American male employed by Defendant, Professional Security Corporation ("PSC"), was the only older security guard working on first shift from December 2015 to April 2018.

10.  On or about December 2015, Mr. Taylor was transferred to the Old Orchard Mall location from Hawthorn Mall in Vernon Hills, Illinois and was employed as a security officer for PSC at their Old Orchard Mall located at 4905 Old Orchard Shopping Center, Skokie, IL 60077.

11.  Since Mr. Taylor's transferal, he was met with opposition and unfair treatment based upon his age by Rishi Mishra ("Mr. Mishra").

12.  Rishi Mishra ("Mishra") was Mr. Taylor's Security Director.

13.  Plaintiff's employee rating was always competent.

14.  Plaintiff is sixty-three years old.

15.  Mr. Taylor was subjected to adverse employment due to his age by PSC. Plaintiff was treated differently than his younger counterparts.

16.  Defendant did not allow Plaintiff to use the patrol vehicle. Younger security guards under the age of 40 years old were allowed to use the patrol vehicles instead of walking patrol.

17.  Plaintiff was treated differently from other younger similarly situated security officers because Plaintiff was subjected to walking patrol for seven hours, every day for three years.

18.  Other similarly situated younger security officers were not subjected to walking patrol but were allowed to use patrol vehicles and/or do administrative work.

19.  Plaintiff continued to be denied access to the patrol vehicles while younger workers, with less experience, were allowed to drive the patrol vehicles.

20.  Defendant failed to conduct any investigation into Plaintiff's complaint of age discrimination.

21. Due to Plaintiff's continuous patrol walking has caused substantial damage to his foot. Plaintiff is in need of surgery to correct this problem and will not be able to work for an extensive amount of time.

22. On or about March 26, 2018, Mr. Taylor was assigned by the Assistant Director (Brandon) to complete P3 mobile phone rounds. Mr. Taylor stated that he was unable to complete this task because he did not have his ID. The Assistant Director informed Taylor to use another security guard's ID. Taylor initially was reluctant because without an ID, Taylor was unable to enter his credentials into the system. The officer would receive credit for completing the P3 mobile task instead of Taylor. The Assistant Director did not practice this with younger similarly situated officers.

23. On or about January 2018, Taylor was assigned to drive the safety vehicle. Mr. Taylor was called to come into the dispatch office by the 2nd shift supervisor Chantal Coronel. Coronel informed Taylor that he removed from the mobile unit and he was reassigned to walking inside the mall; while another younger officer was assigned to the mobile unit.

24. Another incident occurred when Mr. Taylor received a written reprimand for not wearing black socks. Mishra's personal policy was for every security guard to wear black socks. During an uniform inspection, Mr. Taylor was found wearing white socks and another younger security officer had on white socks. Mishra wrote up Mr. Taylor for wearing white socks but not the younger security officer.

### COUNT I
### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

25. Plaintiff realleges and incorporates by references Paragraphs 1 through 23 of this complaint as well as Paragraphs 24 through 31 of this Count I.

26. This action arises under The Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq., ("ADEA"). Plaintiff contends that the defendant violated the ADEA when the Defendant terminated his position, without justification, because of his age. The Defendant also replaced Plaintiff with an individual much younger than Plaintiff.

27. On information and belief, Defendant employs over 15 employees.

28. Between December 2015 and April 2018, Plaintiff satisfactorily performed his job with the Defendant.

29. On April 2018, Mishra terminated Plaintiff's employment.

30. Mishra allegedly terminated Plaintiff for unprofessional work performance.

31. Taylor was 61 years old at the time of his termination.

32. As a result of the defendant having terminated Plaintiff's employment, Plaintiff has suffered a substantial monetary loss.

**WHEREFORE**, Plaintiff, Richard Taylor, prays for judgment against defendant as follows:

A. Entry of declaratory judgment that Defendant policies and practices complained of herein violation Plaintiff's rights protected by the Illinois Human Rights Act and ADEA;

B. Entry of a money judgment in an amount representing lost wages and all other sums of money, including bonuses, retirement benefits, and other employment benefits, which Plaintiff would have earned had he not been discriminatorily terminated together with interest on said amounts from Plaintiff's date of termination;

C. Reinstatement of Plaintiff to his former position as Security Officer at Old Orchard Mall without a break in service and to restore to him all wages and benefits since the day of his termination;

D. In the alternative, if reinstatement is not practicable, an award in an amount representing the value of Plaintiff's salary and benefits (including but not limited to retirement benefits forgone);

E. Plaintiff be awarded compensatory damages in excess of $100,000;

F. Plaintiff be awarded punitive damages;

G. Plaintiff be awarded medical expenses and reimbursement for injury to his foot;

H. Entry of money judgment against Defendant awarding amounts for plaintiff's reasonable attorney's fees and for Plaintiff's costs incurred in bringing this action; and

I. For such other legal and equitable relief as the Court deems just and proper.

## COUNT II
## WILLFUL DISCRIMINATION

32. Plaintiff realleges and incorporates by references Paragraphs 1 through 31 of Count I as well as Paragraphs 32 through 39 of this Count II.

33. Defendant willfully discriminated against Plaintiff because of his age when they discharged him and replaced him with a younger person.

34. Defendant is a corporation which employs hundreds of employees and their actions as alleged herein were knowing and voluntary and Defendant well knew these actions violated the ADEA.

35. Since Mr. Taylor's transferred to Old Orchard Mall, Mishra was his supervisor. Mishra was aware of Mr. Taylor's transferal to Old Orchard Mall pending litigation and constantly asked Mr. Taylor about the lawsuit and whether Mr. Taylor was going to sue him.

36. Mishra has a problem with older security officers and was witnessed stating "why do we have elderly people working here."

37. Following Taylor complaints of age discrimination, Plaintiff found himself being subjected to increased scrutiny by his supervisors, especially Mishra.

38. Plaintiff was retaliated by Defendant and it's agent/employee because he complained of age discrimination and unfair treatment.

39. During Mr. Taylor's tenure with Defendant, he was subjected to terms and conditions of employment which were not applied to similarly situated younger employees, inclusive of but not limited to the following:

    a. Being singled out to perform tasks not associated with the duties for which he was

hired.

b.      Younger employees were treated more favorably than Plaintiff who is over 60 years of age.

c.      Being denied access to patrol vehicle which is a part of his job duties.

d.      The harassment suffered by Plaintiff continued and escalated to wrongful termination.

e.      Plaintiff was discharged by the Defendant for having opposed unlawful employment practices.

f.      Plaintiff was treated adversely by the Defendant as compared to younger employees who performed similar duties.

g.      Terms and conditions of employment applied to Plaintiff were not applied to other similarly situated employees of the Defendant.

h.      Plaintiff was disparately treated by Defendant because of his age.

i.      There is a causal connection between Plaintiff's age and his treatment at the hands of the Defendant.

**WHEREFORE**, Plaintiff, Richard Taylor, prays for judgment against the defendant as follows: Entry of declaratory judgment that Defendant policies and practices complained of herein violation Plaintiff's rights protected by the Illinois Human Rights Act and ADEA;

i.      Entry of a money judgment in an amount representing lost wages and all other sums of money, including bonuses, retirement benefits, and other employment benefits, which Plaintiff would have earned had he not been discriminatorily terminated together with interest on said amounts from Plaintiff's date of termination;

ii.      Reinstatement of Plaintiff to his former position as Security Officer at Old Orchard Mall without a break in service and to restore to him all wages and benefits since the day of his

termination;

iii.    In the alternative, if reinstatement is not practicable, an award in an amount representing the value of Plaintiff's salary and benefits (including but not limited to retirement benefits forgone;

iv.    Reimbursement of medical expenses;

v.    Plaintiff be awarded compensatory damages pursuant to the ADEA in excess of $100,000;

vi.    Plaintiff be awarded punitive damages;

vii.    Entry of money judgment against Defendant awarding amounts for plaintiff's reasonable attorney's fees and for Plaintiff's costs incurred in bringing this action; and

viii.    For such other legal and equitable relief as the Court deems just and proper.

## COUNT III
## RETALIATION

40.   Plaintiff repeats and realleges Paragraphs 1 through 40 as if fully set forth herein of Count II as well as Paragraphs 41 through 45 of this Count III.

41.   At all relevant times, Defendant employed more than 15 people.

42.   Plaintiff filed an Age Discrimination charge on June 4, 2018, with The Illinois Human Rights Commission ("IHRC"). On or about April 19, 2018, Defendant fired Plaintiff.

43.   Defendant retaliated against Plaintiff, through one or more of its agents, by terminating his employment, for having engaged in protected activity.

44.   Defendant discriminated against Plaintiff, through one or more of its agents, with malice and/or reckless indifference to his state and federally protected rights.

45.   Defendant's actions, through one or more of its agents, in intentionally retaliating against Plaintiff caused him to suffer severe emotional distress, humiliation, depression, anxiety, pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, loss of enjoyment of

life, and other compensatory and consequential damages.

**WHEREFORE**, Plaintiff prays this Court to enter judgment on his behalf and against Defendant

PSC providing:

Defendant has discriminated against the Plaintiff in violation of the Illinois Human Rights Act and

ADEA;

    A. All wages and benefits the Plaintiff would have received but for the unlawful employment practices;

    B. Reinstatement to his former position, or in lieu of reinstatement, an order of front pay and benefits for a reasonable period of time;

    C. Lost wages, employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his age, and prejudgment interest;

    D. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his age;

    E. Restatement to the job of Security Guard (or to a comparable job) and back pay or, in the alternative, pay for such a job beginning on the date the position in question was filled and extending for a reasonable time into the future;

    F. Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

    G. Such other relief that this Court deems just and appropriate.

        i. Compensatory and punitive damages;

        ii. Pre-judgment interest;

        iii. Post-judgment interest; and

H. Such other further relief as the Court deems appropriate.

## COUNT IV
## ADEA COVERAGE

46. Plaintiff realleges and incorporates by references Paragraphs 1 through 45 of this complaint as well as Paragraphs 46 through 48 of this Count IV.

47. When defendant advertised on its website for applicants for the job of Security Officer, at defendant's Skokie, Illinois, facility, among other times, defendant was an "employer" as defined by §11(b) of the Age Discrimination in Employment Act, as amended [29 U.S.C. §630(b)].

48. At all relevant times, Mr. Taylor was over 40 years of age, *see* 29 U.S.C. § 631(a), and Defendant denied him employment, *see* 29 U.S.C. § 623(a)(1), (2).

**WHEREFORE**, plaintiff Richard Taylor prays for:

a.     Lost wages, employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his age, and prejudgment interest;

b.     Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his age;

c.     Restatement to the job of Security Guard (or to a comparable job) and back pay;

d.     Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

e.     Such other relief that this Court deems just and appropriate.

## COUNT V
## WRONGFUL TERMINATION BASED ON AGE AGAINST PLAINTIFF RICHARD TAYLOR

**49.** Plaintiff repeats and reallege Paragraphs 1 through 48 as and for his paragraph 49 of this Count V as though fully set forth herein.

50. This is an action for discrimination based upon age.

51. The conduct of the Defendant was pervasive.

52. The conduct of the Defendant was unwelcome.

53. Defendant discriminated against Plaintiff with malice and/or reckless indifference to his federally protected rights.

54. Defendant's actions in engaging in and permitting age based harassment against Plaintiff caused him to suffer severe emotional distress, humiliation, depression, anxiety, pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, inconvenience and loss of enjoyment of life, and other compensatory and consequential damages.

**WHEREFORE**, Plaintiff prays this Court to enter judgment on his behalf and against Defendant PSC providing:

A. Defendant has discriminated against the Plaintiff in violation of ADEA;

B. All wages and benefits the Plaintiff would have received but for the unlawful employment practices;

C. Reinstatement to his former position, or in lieu of reinstatement, an order of front pay and benefits for a reasonable period of time;

D. Compensatory and punitive damages;

E. Attorneys' fees and costs;

F. Pre-judgment interest;

G. Post-judgment interest; and

H. Such other further relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff, Richard Taylor, requests a jury trial on all questions of face raised by this complaint.

/s/ Maudia Washington
Attorney for Plaintiff
Washington Law Offices
333 S. Wabash
Suite 2700
Chicago, Illinois 60604
888-586-4441
Attorney Number 6319403
Maudia@ilwashingtonlaw.com