180968

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RICHARD TAYLOR,

        Plaintiff,

    v.

PSC     PROFESSIONAL     SECURITY
CONSULTANTS, INC,

        Defendants.

No.  1:19-cv-05918

Honorable Virginia M. Kendall

## PROFESSIONAL SECURITY CONSULTANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant **PROFESSIONAL SECURITY CONSULTANTS**, ("PSC") by and through

its attorneys in this regard, Thomas W. Cushing, Bradley E. Puklin and DONOHUE BROWN

MATHEWSON & SMYTH LLC, answers plaintiff's amended complaint as follows:

### NATURE OF ACTION

1.    This civil action challenges Defendant's unlawful age discrimination with

respect to its practices. On or about December 2015, the Plaintiff was transferred to Old

Orchard Mall in Skokie, Illinois to work as a Security Guard.

**ANSWER:**    This defendant denies that it engaged in unlawful age discrimination. This

defendant admits that, on or about December 2015, plaintiff was transferred from Hawthorn Mall

to Old Orchard Mall in Skokie, Illinois.

2.    Plaintiff worked as a security guard for several years and worked for PSC

as a security guard since 2015. Upon Plaintiff's transferal to PSC's Skokie's location, he

faced age discrimination. PSC managers discriminated against older workers in violation

of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.

Their company policy is based on unfounded stereotypes and assumptions about older

workers, deters older workers from employment sustainability and has a disparate impact

on qualified employees over the age of 40.

> **ANSWER:** This defendant denies the allegations of paragraph 2 of plaintiff's Complaint at Law.

3.     Plaintiff seeks a permanent injunction requiring that such policies and practices be

eliminated. Finally, Plaintiff seeks an order requiring his reinstatement to the position of Security

Guard and back pay, or in the alternative, awarding him the appropriate front and back pay for

the income he would have received, as a Security Guard had Defendant not abided by its

discriminatory policies and practices in violation of the ADEA.

> **ANSWER:** This defendant admits that plaintiff is seeking the relief set forth in paragraph 3 of plaintiff's Complaint at Law. This defendant denies all factual allegations contained within paragraph 3 of plaintiff's Complaint at Law, and denies that plaintiff is entitled to the relief that plaintiff seeks.

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Richard Taylor is a Wisconsin citizen who worked in Skokie, Illinois

located within this judicial district and division which forms the basis of the instant lawsuit.

> **ANSWER:** This defendant admits that plaintiff worked in PSC's Old Orchard Mall location, which is located in Skokie. This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of plaintiff's Complaint at Law, and therefore denies them.

2.     Defendant PSC is a California Corporation with corporate headquarters in Los

Angeles, California located at 11454 San Vicente Blvd, 2nd FL, Los Angeles and operates in

Cook and Lake County, Illinois. Filed as a foreign Illinois corporation and is subject to the

jurisdiction of this Court.

> **ANSWER:** This defendant admits the allegations of paragraph 2 of plaintiff's Complaint at Law.

## JURISDICTION AND VENUE

3.     Plaintiff's Complaint at Law does not contain a third paragraph in this section.

- 2 -

4.      Because this case is brought under the ADEA, 29 U.S.C. § 621 et *seq.*, this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C.   1343(4).

> **ANSWER:**   This defendant admits the allegations contained in paragraph 4 of plaintiff's Amended Complaint at Law.

5.      Mr. Taylor's employment with Defendant was within the Northern District of Illinois.

> **ANSWER:**   This defendant admits the allegations contained in paragraph 5 of plaintiff's Amended Complaint at Law.

6.      Venue is proper in the Northern District of Illinois because Plaintiff's cause of action arose within this District and Division in that a substantial part of the acts and omissions giving rise to the claims in this case occurred in this District. Venue also is proper in this District because the Defendant is subject to personal jurisdiction therein by virtue of their substantial, continuous, and systematic commercial activities in this District. *See* 28 U.S.C. § 1391(b), (c). Because the Defendant is subject to personal jurisdiction in this Division, it "resides" in this Division for venue purposes (*see* 28 U.S.C. § 1391(c)).

> **ANSWER:**   This defendant admits that venue is proper.  This defendant denies the remaining allegations of paragraph 6 of plaintiff's Complaint at Law.

7.      During Plaintiff's employment, Plaintiff's employment records were maintained by PSC in this judicial district and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

> **ANSWER:**   This defendant admits that it maintained employment records in Skokie, Illinois.  This defendant denies the remaining allegations of paragraph 7 of plaintiff's Complaint at Law.

8.      All complained of acts took place in Skokie, Cook County, Illinois within this District and Division.

> **ANSWER:**   This defendant denies the allegations of paragraph 8 of plaintiff's Complaint at Law.

9.     The venue is proper in this District because all the conduct at issue took place within this District and Division, the Defendants are in the Northern District of Illinois, Eastern Division.

> **ANSWER:**     This defendant admits that venue is proper.  This defendant denies the remaining allegations of paragraph 9 of plaintiff's Complaint at Law.

## PROCEDURAL REQUIREMENTS

3.     Plaintiff has complied with all statutory prerequisites to filing this action.

> **ANSWER:**     This defendant denies the allegations of paragraph 3 of plaintiff's Complaint at Law.

4.     Plaintiff filed an Age Discrimination charge on June 4, 2018, with The Illinois Human Rights Commission ("IHRC") *Exh A.*

> **ANSWER:**     This defendant admits that plaintiff filed his IHRC Charge of Discrimination against PSC on June 4, 2018.

5.     Mr. Taylor filed an EEOC Complaint charging Defendant PSC with age discrimination. On June 7, 2019, the EEOC issued a Notice of Suit Rights ("Right to Sue Letter") allowing Mr. Taylor to pursue his claims of age discrimination in federal court against PSC. *Exh B.*

> **ANSWER:**     Based on information and belief, this defendant admits the allegations in paragraph 5 of plaintiff's Complaint at Law.

6.     This action was filed against PSC within 90 days of Plaintiff's receipt of his Right-to-Sue letter from the EEOC.

> **ANSWER:**     This defendant admits the allegations of paragraph 6 of plaintiff's complaint at law.

7.     All other prerequisites to the filing of this suit have been met.

> **ANSWER:**     This defendant denies the allegations of paragraph 7 of plaintiff's Complaint at Law.

## FACTUAL BACKGROUND

8.     PSC is a security-based firm which provides security services to various entities, including malls.

> **ANSWER:**   This defendant admits the allegations of paragraph 8 of plaintiff's complaint at law.

9.     Plaintiff, Richard Taylor, is an African American male employed by Defendant, Professional Security Corporation ("PSC"), was the only older security guard working on first shift from December 2015 to April 2018.

> **ANSWER:**   This defendant admits that plaintiff is an African-American male but states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 of plaintiff's Complaint at Law, and therefore denies them.

10.    On or about December 2015, Mr. Taylor was transferred to the Old Orchard Mall location from Hawthorn Mall in Vernon Hills, Illinois and was employed as a security officer for PSC at their Old Orchard Mall located at 4905 Old Orchard Shopping Center, Skokie, IL 60077.

> **ANSWER:**   This defendant admits the allegations of paragraph 10 of plaintiff's Complaint at Law.

11.    Since Mr. Taylor's transferal [sic], he was met with opposition and unfair treatment based upon his age by Rishi Mishra ("Mr. Mishra").

> **ANSWER:**   This defendant denies the allegations of paragraph 11 of plaintiff's Complaint at Law.

12.    Rishi Mishra ("Mishra") was Mr. Taylor's Security Director.

> **ANSWER:**   This defendant admits the allegations of paragraph 12 of plaintiff's Complaint at Law.

13.    Plaintiff's employee rating was always competent.

> **ANSWER:**   This defendant denies the allegations of paragraph 13 of plaintiff's Complaint at Law.

14.    Plaintiff is sixty-three years old.

> **ANSWER:**  Upon information and belief, this defendant admits the allegations of paragraph 14 of plaintiff's complaint at law.

15.     Mr. Taylor was subjected to adverse employment due to his age by PSC.  Plaintiff was treated differently than his younger counterparts.

> **ANSWER:**  This defendant denies the allegations of paragraph 15 of plaintiff's Complaint at Law.

16.     Defendant did not allow Plaintiff to use the patrol vehicle. Younger security guards under the age of 40 years old were allowed to use the patrol vehicles instead of walking patrol.

> **ANSWER:**  This defendant denies the allegations of paragraph 16 of plaintiff's Complaint at Law.

17.     Plaintiff was treated differently from other younger similarly situated security officers because Plaintiff was subjected to walking patrol for seven hours, every day for three years.

> **ANSWER:**  This defendant denies the allegations of paragraph 17 of plaintiff's Complaint at Law.

18.     Other similarly situated younger security officers were not subjected to walking patrol but were allowed to use patrol vehicles and/or do administrative work.

> **ANSWER:**  This defendant denies the allegations of paragraph 18 of plaintiff's Complaint at Law.

19.     Plaintiff continued to be denied access to the patrol vehicles while younger workers, with less experience, were allowed to drive the patrol vehicles.

> **ANSWER:**  This defendant denies the allegations of paragraph 19 of plaintiff's Complaint at Law.

20.     Defendant failed to conduct any investigation into Plaintiff's complaint of age discrimination.

> **ANSWER:**  This defendant denies the allegations of paragraph 20 of plaintiff's Complaint at Law.

21.    Due to Plaintiff's continuous patrol walking has caused substantial damage to his foot. Plaintiff is in need of surgery to correct this problem and will not be able to work for an extensive amount of time.

> **ANSWER:**    This defendant denies the allegations of paragraph 21 of plaintiff's Complaint at Law.

22.    On or about March 26, 2018, Mr. Taylor was assigned by the Assistant Director (Brandon) to complete P3 mobile phone rounds. Mr. Taylor stated that he was unable to complete this task because he did not have his ID. The Assistant Director informed Taylor to use another security guard's ID. Taylor initially was reluctant because without an ID, Taylor was unable to enter his credentials into the system. The officer would receive credit for completing the P3 mobile task instead of Taylor. The Assistant Director did not practice this with younger similarly situated officers.

> **ANSWER:**    This defendant denies the allegations of paragraph 22 of plaintiff's Complaint at Law.

23.    On or about January 2018, Taylor was assigned to drive the safety vehicle. Mr. Taylor was called to come into the dispatch office by the 2nd shift supervisor Chantal Coronel. Coronel informed Taylor that he removed from the mobile unit and he was reassigned to walking inside the mall; while another younger officer was assigned to the mobile unit.

> **ANSWER:**    This defendant denies the allegations of paragraph 23 of plaintiff's Complaint at Law.

24.    Another incident occurred when Mr. Taylor received a written reprimand for not wearing black socks. Mishra's personal policy was for every security guard to wear black socks. During an uniform inspection, Mr. Taylor was found wearing white socks and another younger security officer had on white socks. Mishra wrote up Mr. Taylor for wearing white socks but not the younger security officer.

> **ANSWER:**    This defendant denies the allegations of paragraph 24 of plaintiff's Complaint at Law.

## COUNT I

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

25.     Plaintiff repeats and realleges Paragraphs 1 through 23 of this complaint as well

as Paragraphs 24 through 31 of this Count I

> **ANSWER**:     This defendant repeats and realleges its answer unto paragraphs 1
> through 24 as and for its answers to paragraph 25 of Count I of
> plaintiff's Complaint at Law as if the same were fully set forth
> herein.

26.     This action arises under The Age Discrimination in Employment Act, 29

U.S.C. Section 621, et seq., ("ADEA"). Plaintiff contends that the defendant violated the

ADEA when the Defendant terminated his position, without justification, because of his

age. The Defendant also replaced Plaintiff with an individual much younger than Plaintiff.

> **ANSWER:**     This defendant denies the allegations of paragraph 26 of Count I
> plaintiff's Complaint at Law.

27.     On information and belief, Defendant employs over 15 employees.

> **ANSWER:**     This defendant admits the allegations of paragraph 27 of Count I of
> plaintiff's Complaint at Law.

28.     Between December 2015 and April 2018, Plaintiff satisfactorily

performed his job with the Defendant.

> **ANSWER:**     This defendant denies the allegations of paragraph 28 of Count I of
> plaintiff's Complaint at Law.

29.     On April 2018, Mishra terminated Plaintiff's employment.

> **ANSWER:**     This defendant admits the allegations of paragraph 29 of Count I of
> plaintiff's Complaint at Law.

30.     Mishra allegedly terminated Plaintiff for unprofessional work performance.

> **ANSWER:**     This defendant admits the allegations of paragraph 30 of Count I of
> plaintiff's Complaint at Law.

31.     Taylor was 61 years old at the time of his termination.

> **ANSWER:** Upon information and belief this defendant admits the allegations of paragraph 31 of Count I of plaintiff's Complaint at Law.

32.     As a result of the defendant having terminated Plaintiff's employment, Plaintiff has suffered a substantial monetary loss.

> **ANSWER:** This defendant denies the allegations of paragraph 32 of Count I of plaintiff's Complaint at Law.

WHEREFORE, Defendant PROFESSIONAL SECURITY CONSULTANTS, INC., denies that plaintiff is entitled to judgment in any amount whatsoever or any relief requested in paragraphs A.-I., and prays for judgment in its favor with costs assessed against plaintiff.

## COUNT II

## WILLFUL DISCRIMINATION

32.     Plaintiff realleges and incorporates by references Paragraphs 1 through 31 of Count I as well as Paragraphs 32 through 39 (sic) of this Count II.

> **ANSWER**: This defendant repeats and realleges its answer unto paragraphs 1 through 32 as and for its answers to paragraph 32 of Count II of plaintiff's Complaint at Law as if the same were fully set forth herein.

33.     Defendant willfully discriminated against Plaintiff because of his age when they discharged him and replaced him with a younger person.

> **ANSWER:** This defendant denies the allegations of paragraph 33 of Count II of plaintiff's Complaint at Law.

34.     Defendant is a corporation which employs hundreds of employees and their actions as alleged herein were knowing and voluntary and Defendant well knew these actions violated the ADEA.

> **ANSWER:** This defendant denies the allegations of paragraph 34 of Count II of plaintiff's Complaint at Law.

35.     Since Mr. Taylor's transferred to Old Orchard Mall, Mishra was his supervisor.

Mishra was aware of Mr. Taylor's transferal to Old Orchard Mall pending litigation and constantly asked Mr. Taylor about the lawsuit and whether Mr. Taylor was going to sue him.

> **ANSWER:** This defendant denies the allegations of paragraph 35 of Count II of plaintiff's Complaint at Law.

36. Mishra has a problem with older security officers and was witnessed stating "why do we have elderly people working here."

> **ANSWER:** This defendant denies the allegations of paragraph 36 of Count II of plaintiff's Complaint at Law.

37. Following Taylor complaints of age discrimination, Plaintiff found himself being subjected to increased scrutiny by his supervisors, especially Mishra.

> **ANSWER:** This defendant denies the allegations of paragraph 37 of Count II of plaintiff's Complaint at Law.

38. Plaintiff was retaliated by Defendant and it's agent/employee because he complained of age discrimination and unfair treatment.

> **ANSWER:** This defendant denies the allegations of paragraph 38 of Count II of plaintiff's Complaint at Law.

39. During Mr. Taylor's tenure with Defendant, he was subjected to terms and conditions of employment which were not applied to similarly situated younger employees, inclusive of but not limited to the following:

   a. Being singled out to perform tasks not associated with the duties for which he was hired.

   b. Younger employees were treated more favorably than Plaintiff who is over 60 years of age.

   c. Being denied access to patrol vehicle which is a part of his job duties.

   d. The harassment suffered by Plaintiff continued and escalated to wrongful termination.

   e. Plaintiff was discharged by the Defendant for having opposed unlawful employment practices.

f.  Plaintiff was treated adversely by the Defendant as compared to younger employees who performed similar duties.

g.  Terms and conditions of employment applied to Plaintiff were not applied to other similarly situated employees of the Defendant.

h.  Plaintiff was disparately treated by Defendant because of his age.

i.  There is a causal connection between Plaintiff's age and his treatment at the hands of the Defendant.

**ANSWER:** This defendant denies the allegations of paragraph 39, and its subparagraphs (a) through (i) of Count II of plaintiff's Complaint at Law.

WHEREFORE, Defendant PROFESSIONAL SECURITY CONSULTANTS, INC., denies that plaintiff is entitled to judgment in any amount whatsoever or any relief requested in paragraphs i. through viii., and prays for judgment in its favor with costs assessed against plaintiff.

## COUNT III
## RETALIATION

This defendant has filed a Rule 12(b)(6) motion to dismiss as its responsive pleading to Count III of plaintiff's complaint at law.

## COUNT IV
## ADEA COVERAGE

This defendant has filed a Rule 12(b)(6) motion to dismiss as its responsive pleading to Count IV of plaintiff's complaint at law.

## COUNT V
## WRONGFUL TERMINATION BASED ON AGE AGAINST PLAINTIFF RICHARD TAYLOR

40.  Plaintiff repeats and reallege Paragraphs 1 through 48 as and for his paragraph 49 of this Count V as though fully set forth herein.

**ANSWER**:     This defendant repeats and realleges its answer unto paragraphs 1 through 49 as and for its answers to paragraph 49 of Count V of plaintiff's Complaint at Law as if the same were fully set forth herein.

50.     This is an action for discrimination based upon age.


**ANSWER**:   This defendant denies the allegations of paragraph 50 of Count V of plaintiff's Complaint at Law.


51.     The conduct of the Defendant was pervasive.

**ANSWER**:   This defendant denies the allegations of paragraph 51 of Count V of plaintiff's Complaint at Law.


52.     The conduct of the Defendant was unwelcome.

**ANSWER**:   This defendant denies the allegations of paragraph 52 of Count V of plaintiff's Complaint at Law.


53.     Defendant discriminated against Plaintiff with malice and/or reckless

indifference to his federally protected rights.

**ANSWER**:   This defendant denies the allegations of paragraph 53 of Count V of plaintiff's Complaint at Law.

54.     Defendant's actions in engaging in and permitting age based harassment against

Plaintiff caused him to suffer severe emotional distress, humiliation, depression, anxiety, pain

and suffering, inconvenience, lost wages and benefits, future pecuniary losses, inconvenience

and loss of enjoyment of life, and other compensatory and consequential damages.

**ANSWER**:   This defendant denies the allegations of paragraph 54 of Count V of plaintiff's Complaint at Law.

WHEREFORE, Defendant PROFESSIONAL SECURITY CONSULTANTS, INC.,

denies that plaintiff is entitled to judgment in any amount whatsoever or any relief requested in

paragraphs A.-H., and prays for judgment in its favor with costs assessed against plaintiff.

## JURY DEMAND

Defendant, PROFESSIONAL SECURITY CONSULTANTS, INC., hereby demands a trial by jury.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant, PROFESSIONAL SECURITY CONSULTANTS, INC., by and through its attorneys in this regard, Thomas W. Cushing, Bradley E. Puklin, and DONOHUE BROWN MATHEWSON & SMYTH LLC, states as follows:

1. Plaintiff, Richard Taylor, filed this complaint against PSC alleging unlawful discrimination on the basis of age.

2. PSC filed its answer to plaintiff's complaint at law, denying all material allegations against it.

### First Affirmative Defense – Failure to Mitigate Damages

3. Plaintiff owed a duty to mitigate his damages by using reasonable diligence to seek and maintain suitable employment.

4. Plaintiff breached his duty to mitigate his damages by failing to exercise reasonable diligence in seeking and maintaining alternative suitable employment.

### Second Affirmative Defense – Retaliation Claim Barred

5. Plaintiff has contractually released his right to bring a wrongful retaliation claim.

### Third Affirmative Defense – Reinstatement Claim Barred

6. Plaintiff has contractually released his right to seek reinstatement.

WHEREFORE, Defendant, PROFESSIONAL SECURITY CONSULTANTS, INC., prays for judgment in its favor based on RICHARD TAYLOR'S failure to exercise reasonable diligence to mitigate his alleged damages, or in the alternative, that any judgement entered in plaintiff's favor be reduced by an amount commensurate with plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages and for judgment that plaintiff's claims of retaliation and for reinstatement are barred based on plaintiff's contractual release of said claims through a signed release in another lawsuit against PSC.

DONOHUE BROWN MATHEWSON & SMYTH LLC

By: /s/ Bradley E. Puklin
Bradley E. Puklin

DONOHUE BROWN MATHEWSON & SMYTH LLC
Thomas W. Cushing ARDC No. 6196697
Bradley E. Puklin ARDC No. 6309950
140 South Dearborn Street, Suite 800
Chicago, IL 60603
(312) 422-0900
Service by Facsimile: (312) 422-0909
Service by Email: service@dbmslaw.com
**Attorneys for Professional Security Consultants, Inc.**