**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| **RICHARD TAYLOR,** ) | |
| ) | |
| **Plaintiff** ) | Case No. 19 cv 05918 |
| ) | |
| ) | Honorable Virginia M. Kendall |
| ) | |
| **PROFESSIONAL SECURITY** ) | Plaintiff demand trial by jury |
| **CONSULTANTS** ) | |
| ) | |
| **Defendants.** ) | |

**RESPONSE BY PLAINTIFF IN OPPOSITION TO DEFENDANT
PROFESSIONAL SECURITY CONSULTANT'S PARTIAL MOTION TO
DISMISS UNDER RULE 12(B)(6) PLAINTIFF'S COUNTS III AND IV [13]**

Plaintiff Richard Taylor ("Mr. Taylor" or "Plaintiff") respectfully opposes Defendant Professional Security Consultants ("PSC" or "Defendant") Partial Motion to Dismiss Plaintiff's Counts III and VI [13] and requests that it be denied because the complaint states or can state claims for relief against the PSC, material and disputed factual issues exist that preclude judgment and Plaintiff will be prejudiced if the motion is granted without an opportunity for him to conduct sufficient discovery. Alternatively, Plaintiff requests that he be allowed to re-plead for the reasons that are detailed below. See *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); see also *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

**ARGUMENT**

This Court does not evaluate evidence at this stage. The court must also consider additional facts in this brief. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012). Besides, a complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error. *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011). Moreover, a court considering

a motion attacking the complaint must not "decide whose version to believe, or which version is more likely than not." *Swanson*, 614 F.3d at 404. A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974). This Court must accept as true all well-pled facts set forth in a complaint, draw all reasonable inferences in a plaintiff's favor, and must not consider any facts a defendant asserts outside the complaint. *Ashcroft v. lqbal*. 556 U.S. 662 (2009); *Evers v. Astrue,* 536 F.3d 651, 656-57 (7th Cir. 2008). The motion to dismiss must be denied if the complaint states any plausible claim to relief. *Id*. at 678 (2009).

As this Court is aware, factual issues abound in employment cases, and a plaintiff who has suffered an adverse employment action is not required to marshal his evidence at the pleading stage of litigation. Here, the factually sufficiency of the Complaint is clear. Mr. Taylor alleges he is a member of a protected class. He alleges that he was treated differently from others similarly situated because of his age and not his job performance. He alleges that he was injured as a result of the actions taken by PSC because of his age and Plaintiff's filing of charges against Defendant with the EEOC, Illinois Department of Human Rights ("IDHR") and the Department of Labor. Consequently, Mr. Taylor's Complaint states a claim upon which relief can be granted. PSC's motion to dismiss should be denied.

### A. MOTION TO EXCLUDE, OR, TO HOLD MOTION IN ABEYANCE.

Mr. Taylor requests the Court to either deny the motion without prejudice, or to hold it in abeyance until after the close of discovery pursuant to Fed. R. Civ. P 12(d), in order for Plaintiff to obtain a sufficient amount of information upon which to further oppose the motion, including deposition testimony of critical witnesses and also to object to the admissibility of most, if not all the documents. See *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016).

## ARGUMENTS AND AUTHORITIES

This Court does not evaluate evidence at this stage. The U.S. Supreme Court clarified this issue and held that an employment discrimination complaint need not include specific facts establishing a *prima facie* case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *See Swierkiewicz v. Sorema*, N.A., 34 U.S. 506 (2002).

As this Court is aware, factual issues abound in employment cases, and a plaintiff who has suffered an adverse employment action is not required to marshal his evidence at the pleading stage of litigation.

B.  COUNT THREE STATES A CLAIM.

In order to state a claim against a PSC for retaliation, the plaintiff must establish: That defendant terminated Plaintiff's employment for having engaged in a protected activity. Here, Mr. Taylor alleges that PSC discriminated against him based upon his age. In 2015, Mr. Taylor filed a racial discrimination and retaliation charge against PSC with the EEOC. On June 4, 2018, Taylor filed a charged with the Illinois Department of Human Rights ("IDHR") for age discrimination against PSC. On or about April 2018, PSC fired Mr. Taylor in direct retaliation for Mr. Taylor filing several charges against PSC.

According to 775 ILCS 5/6-101(A) states in relevant part:

> It is a civil rights violation for a person, or for two or more persons to conspire, to:
> (A) Retaliation. Retaliate against a person because he or she * * * has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act." 775 ILCS 5/6-101(A) (West 1992).

The clear language of the statute protects a person from retaliation for making a charge under the Act. Once a person has made a charge under the Act, regardless of the ultimate disposition of that charge, he is protected from retaliation therefore. *Dana Tank Container, Inc. v. Human Rights Com'n*, 687 N.E.2d 102, 292 Ill.App.3d 1022, 227 Ill.Dec. 179 (Ill. App., 1997).

Contrary to Defendant's argument that Plaintiff's termination cannot have been motivated by a discrimination charge because a charge did not exist, this is false. As stated prior, Mr. Taylor filed a charge with the EEOC in 2015 and received a Right to Sue Letter from the EEOC in February 2016. *Exh A*. In addition, Mr. Taylor filed a charge against his same employer PSC with the Department of Labor. During the duration of Mr. Taylor's employment at Skokie Mall, Mishra would constantly harass Mr. Taylor and asked whether he was going to sue him. Please see *Amended Compl. Paragraph 11*. This constant taunting is another form of retaliation. Plaintiff has met his burden of retaliation and this count should not be dismissed.

### C. COUNT FOUR STATES A CLAIM.

In order to state a claim against a PSC for a violation of ADEA Coverage, the plaintiff must establish that Defendant violated Section 11(b) of the Age Discrimination in Employment Act. The Defendant argues this count should be dismissed because it is a duplicate of Counts I and II. This is false. Count IV identifies the enforcement procedures of the ADEA, 29 U.S.C. § 626(b), are largely "borrowed" from the Fair Labor Standards Act ("FLSA"). Section 626(b) reads in part: The provisions of this Act shall be enforced in accordance with the powers, remedies, and procedures provided in Sections 11(b), of the FLSA. Count four is a separate claim and not duplicative of Counts One and Two.

### CONCLUSION

For the foregoing reasons, Plaintiff Richard Taylor respectfully requests that PSC's Motion to Dismiss be denied in its entirety. In the alternative, Mr. Taylor respectfully requests that this Court grants him leave to amend his Complaint as such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Mr. Taylor requests all other relief that he is entitled to in law and in equity.

Respectfully submitted,

/s/ Maudia Washington

Maudia N. Washington
6319403
Washington Law Offices, P.C.
40 Dupage Court
Suite 106
Elgin, IL 60120
888.586.4441
Attorney for Plaintiff
maudia@ilwashingtonlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on November 5, 2019, the foregoing Response to PSC's Motion to Dismiss was filed electronically with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system.

/s/ Maudia Washington

Maudia N. Washington
6319403
Washington Law Offices, P.C.
40 Dupage Court
Suite 106
Elgin, IL 60120
888.586.4441
Attorney for Plaintiff
maudia@ilwashingtonlaw.com

Thomas W. Cushing
**Donohue Brown Mathewson & Smyth LLC**
140 South Dearborn Street
Suite 800
Chicago, IL 60603
(312) 422-2504 direct
(312) 422-0909 fax
cushing@dbmslaw.com

Brad Puklin
**Donohue Brown Mathewson & Smyth LLC**
140 South Dearborn Street
Suite 800
Chicago, IL 60603
(312) 422-2504 direct
(312) 422-0909 fax
puklin@dbmslaw.com