IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD TAYLOR, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 19 C 5918 |
| | ) |
| | ) Judge Virginia M. Kendall |
| PROFESSIONAL SECURITY CONSULTANTS, INC., | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**ORDER**

Richard Taylor filed a five-count Complaint (Dkt. 1) against his former employer, Professional Security Consultants ("PSC"), alleging causes of action stemming from PSC's decision to fire him. PSC now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for this Court to dismiss Counts III and IV of Taylor's complaint. For the reasons set forth below, PSC's motion to dismiss (Dkt. 13) is granted without prejudice.

**Count III: Retaliation**

In Count III of his Complaint, Taylor alleges that PSC retaliated against him because he filed an age discrimination charge with the Illinois Department of Human Rights. In relevant part, this Count reads as follows:

> 42. Plaintiff filed an Age Discrimination charge on June 4, 2018, with the Illinois Human Rights Commission ("IHRC"). On or about April 19, 2018, Defendant fired Plaintiff.
>
> 43. Defendant retaliated against Plaintiff, through one or more of its agents, with malice and/or reckless indifference to his state and federally protected rights.

These paragraphs alone demonstrate the facial invalidity of this Count; PSC's allegedly retaliatory act occurred *before* the act for which Taylor alleges that PSC retaliated. One cannot retaliate against another for something that will happen in the future.

Taylor attempted to remedy this obvious pleading defect in his reply brief by alleging that PSC retaliated against him because he filed a racial discrimination charge with the EEOC in 2015. This allegation appears nowhere in the Complaint. Taylor requests that the Court nonetheless consider this new allegation leveled in his reply brief. He cites *Geinosky v. City of Chi.*, 675 F.3d

743, 745 n.1 (7th Cir. 2012) for the proposition that the Court must consider the new race-related allegations raised in his reply brief. Under *Geinosky*, a plaintiff may use briefings to elaborate on factual allegations raised in a complaint "so long as the new elaborations are consistent with the pleadings." *Id.* Here, however, the additional allegations Taylor makes in his reply brief are plainly inconsistent with the allegations in Count III of the Complaint. The Complaint makes no mention of racial discrimination or the 2015 EEOC complaint, so the racial discrimination allegations in the reply brief cannot reasonably be characterized as "elaborations" of the Complaint. Count III is therefore dismissed without prejudice for failure to state a claim. If Taylor wishes to allege that PSC retaliated against him because he filed a racial discrimination claim against PSC, he is free to do so in an amended complaint.

### Count IV: "ADEA Coverage"

Count I of Taylor's Complaint alleges that PSC violated the Age Discrimination in Employment Act ("ADEA") by firing Taylor because of his age. Count IV of the Complaint appears to simply state that the ADEA governs this matter. But Taylor already made clear in Count I that he believes that PSC violated the ADEA and that the ADEA governs this case. Count IV does not state an independent cause of action; it is duplicative of Count I. If Taylor wishes to state a claim under an independent cause of action, he may do so in an amended complaint.

### CONCLUSION

Counts III and IV of Plaintiff's complaint fail to state claims upon which relief can be granted. Accordingly, Defendant's motion to dismiss Counts III and IV (Dkt. 13) is granted without prejudice. The Court grants Plaintiff leave to amend his complaint consistent with this Order, if possible, within twenty-one days from the entry of this Order.

Date: January 28, 2020

Honorable Virginia M. Kendall
United States District Judge